IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

AMBER NICOLE DEERE                                                                           PLAINTIFF

v.                                           3:24CV00096-BSM-JTK

MALLORY WEST, et al.                                                                      DEFENDANTS

**ORDER**

Amber Nicole Deere ("Plaintiff") is in custody at the Cross County Detention Center. She filed a Motion to Proceed In Forma Pauperis ("IFP Motion") in order to commence a pro se federal civil rights action without prepayment of the $405.00 filing fees and costs. (Doc. No. 1).[1] Plaintiff's IFP Motion (Doc. No. 1) is DENIED because she has not included a calculation sheet and certificate signed by an authorized official of the facility in which Plaintiff is incarcerated.

According to the Prison Litigation Reform Act ("PLRA"), **a prisoner who is allowed to file a civil action in forma pauperis still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

---

[1] Effective December 1, 2023, the statutory filing fee for civil actions increased to $405, due to the implementation of a $55 administrative fee. This $55 fee does not, however, apply to in forma pauperis actions.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid, **the prisoner is required to submit a certificate and calculation sheet <u>prepared and signed by an authorized official of the incarcerating facility</u>.  This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint.   28 U.S.C. § 1915(a)(2). The prisoner is also required to submit "an affidavit that includes a statement of all assets such prisoner possesses . . . ."   28 U.S.C. § 1915(a)(1).**   The Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C.   § 1915(b)(4).

As mentioned above, Plaintiff did not submit a signed calculation sheet or certificate with her IFP Motion.   The Court needs both a signed certificate and signed calculation sheet in ruling on Plaintiff's IFP Motion.

IT IS, THEREFORE, ORDERED that

1.	Plaintiff's Motion to Proceed <u>In Forma Pauperis</u> (Doc. No. 1) is DENIED without prejudice.

2.	Plaintiff must submit either the $405 statutory filing fee or a completed <u>in forma pauperis</u> application, with the required calculation sheet **signed by an authorized official of the incarcerating facility**, within thirty (30) days of the entry date of this Order.[2]

3.	The Clerk of the Court is directed send to Plaintiff an <u>in forma pauperis</u> application, including certificate and calculation sheet.

---

[2] Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which provides, in part: "If any communication from the Court to a <u>pro se</u> plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding <u>pro se</u> shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

IT IS SO ORDERED this 5th day of June, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE